LAND, J.
The case of plaintiff, as alleged in his petition, is as follows:
On or about October 16, 1912, the defendants employed plaintiff as a real estate agent to find a purchaser for their residence property, situated in the square bounded by St. Charles, Oarondelet, Poydras, and Lafayette streets, and agreed at that time to pay plaintiff for his services 2% per cent, upon the selling price of the property.
On October 22, 1912, plaintiff offered said property for sale to the Boston Club for $225,000, and on October 24, 1912, as authorized by the defendant Alvin P. Howard, re-offered the same property to said club for $220,000.
Plaintiff continued to negotiate for the sale of said property until December 7, 1912, on which day an agreement of purchase and sale of said property was signed and executed between the defendants and the said Boston Club, whereby the defendants agreed to sell, and the Boston Club to buy, the said property, known as the Howard residence.
Said agreement of purchase and sale was made subject to terms, conditions, and stipulations, agreeable to defendants; and on or before February 28, 1913, all the conditions upon which said agreement depended had happened and had been fully complied with.
Notwithstanding the completed agreement of sale, enforceable in the courts, defendants have taken no action to carry said agreement into effect, and do not intend to enforce said contract, and have refused to pay plaintiff for his services as real estate agent a commission of 2y2 per cent, on $200,000, offered by the Boston Club and accepted by the defendants in the agreement of December 7, 1912.
Wherefore the plaintiff on April 7, 1913, instituted the present suit to recover of the defendants the sum of $5,000, with legal interest thereon from judicial demand, and costs.
The agreement of December 7, 1913, referred to in the petition, was made subject to several conditions, one of which was that “the purchaser shall be able to sell its present club site on Canal street on or before February 28, 1913, for not less than three hundred and twenty-five thousand dollars,” upon such terms as it might deem best. It was agreed and understood that in the event of the nonfulfillment of the conditions or any of them within 90 days thereafter, the agreement should at once become void and of no effect.
The defendant denied the alleged agreement to pay plaintiff commissions for the sale of their residence, but averred that the agreement as to commissions was predicated on their purchase of the Boston Club property for $325,000, and that the purchase was predicated on their ability to resell the prop *258 erty for $310,000. Defendants averred that the Boston Club advertised and offered its property for sale on February 26, 1913, at public auction, but received no bid for the same; and on the same day defendant Alvin P. Howard received from J. Weis & Co. a proposition to purchase the club property for $310,000, which was made known to the plaintiff, who advised that said defendant make a proposition to purchase the said property for $325,000, on the terms and conditions stated in the advertisement for sale at public auction, plaintiff to be paid a commission of 2y2 per cent., and the property, when purchased, to be at once transferred to third persons for $310,000, “thus making the defendants acquire for their property $185,-000.”
Defendants further averred that Alvin P. Howard made a proposition to the Boston Club to purchase the property for $325,000 on the terms as advertised, except that a commission was to be paid to the plaintiff; that said proposition was declined, and 'on February 27, 1913, the said Howard made another proposition to the Boston Club to purchase the property for $325,000 on the terms and conditions set forth in the agreement of December 7, 1912.
Defendants averred that the proposition was taken under advisement by the Boston Club, and matters remained in this position until March 1, 1913, when defendants were informed by the parties represented by J. Wleis & Co. that unless their offer to purchase was definitely accepted by 6 p. m. of Tuesday, March 4, 1913, it was withdrawn; that defendant Alvin P. Howard thereupon notified the Boston Club that unless his offer to purchase was accepted by 5 p. m. of March 4, 1913, it was withdrawn.
Defendants further averred that the board of directors of the Boston Club met on the same day, but made no definite acceptance of said proposition; that the parties represented by J. Weis & Co. insisted on a definite answer being given to them by 6 p. m. of March 4, 1913, and as the said Howard was unwilling to purchase the Boston Club property unless there was a certainty of an immediate resale to the parties represented by J. Weis & Co., he withdrew his offer, and the Boston Club did not sell its property to any one.
Defendants further averred that the Boston Club, having failed to sell its property, made no purchase of defendant’s property, and defendants, n'ot having been able to sell their property to any one, plaintiff, therefore, is not entitled to any commission, even if there was any agreement to pay him any commission on what defendants’ property would sell for, which is denied, and that the said offer by Alvin P. Howard to purchase the Boston Club property and the conditions under which it was made were well known by the plaintiff, who was a party to the entire proceedings, to be part of a fixed plan by which said Howard was to acquire the property for $325,000, and sell it to Mente and Benjamin (represented by J. Weis & Co.) for $310,000, so that defendants could sell their property to the Boston Club for $200,000. Defendants further averred that if the deal had been consummated they would have received only $185,000 for the property.
There was judgment in favor of the defendants, and the plaintiff has appealed.
Defendants’ cause of action, as set forth in his petition, is based on the agreement of December 12, 1912, coupled with allegations—
“that on or before February 28, 1913, all the conditions upon which the agreement of sale between defendants and the Boston Club depended had happened and had been fully complied with, which was within the time and terms stipulated and set forth in the contract of purchase and sale hereto annexed.”
That agreement was conditional on the ability of the Boston Club to sell its site in *260 Canal street on or before February 28, 1913, for not less than $325,000.
Tbe said site was advertised for sale at public auction on February 26, 1913, and was on that day offered for sale, but there was no bidder.
.On the day of sale, J. Weis & Co., in behalf of their clients, wrote to Alvin P. Howard, offering to pay him $310,000 for the Boston Club property, on the terms and conditions under which the property was offered for sale at public auction; Howard to pay J. Weis & Oo. a commission of $2,500 if the transaction was consummated. On February 27, 1913, E. W. Mente and E. V. Benjamin, the clients of J. Weis & Co., wrote to the plaintiff, making a more detailed offer to purchase the same property, for the same price, and for the same commission.
Alvin P. Howard authorized the acceptance of this proposition, Subject to the Boston Club accepting his offer of the same date.
On the same day Alvin P. Howard made a proposition in a letter to the Boston Club to purchase its site property for $325,000 upon such terms as to cash and credit portions as the club might fix. The proposition was conditioned on the club’s simultaneous purchase of the Howard property as per agreement of December 7, 1912. The letter concluded as follows:
“I will be much obliged if you will at once draft an agreement inserting such terms and conditions as to cash and credit portions of the selling price as you may deem advisable, and I will at once accept the same.”
According to the plaintiff’s testimony the Boston Club had a meeting on March 28, 1913, to consider Howard’s proposition, and after asking for further time, which Mr. Howard refused to give, the meeting adjourned without action, on the day on which the contract expired.
On March 4, 1913, the board of government of the Boston Club met and adopted the following resolution:
“Resolved: That it is the sense of the board that it should accept Mr. Howard’s proposition of February 27, 1913, if within the club’s obligation under its contract with the Howards of December 7, 1912, and to that end, that the opinion of a disinterested attorney be procured within 48 hours as to the club’s obligation in the premises.”
According to plaintiff’s testimony, the above resolution was read to Mr. Howard, and the attorney for the club said to him, “5Tou will have to give us more time,” and Howard replied that the time limit for acceptance had expired, and his offer was off, and “the matter absolutely died right there.” As a matter of fact, both the time limit fixed by Howard, and the time limit fixed by Mente and Benjamin had expired. The time limit fixed by the contract of December 7, 1913, had expired four days previously. The final' result was that no sale of the property of the Boston Club, or of the Howards was ever made.
Plaintiff’s theory is that he is entitled to commissions, because all the conditions of the agreement of December 7,1912, have happened, and the Boston Club is therefore bound to pay the defendants $200,000 for their property. The essential condition of the sale of the Boston Club’s site for $325,-000 never happened.
As already stated, after the failure of the auction sale of February 26, 1913, Howard made an earnest effort to purchase the Boston Club property. He was assisted in this deal by the plaintiff from the beginning to the end, and the latter was present when Mr. Howard withdrew his offer of February 27, 1913, to the Boston Club, and made no objection to the withdrawal. Mente and Benjamin were insisting upon the acceptance or withdrawal of the offer, and their time limit had expired. The plaintiff admits in his testimony that Mr. Howard did not want to buy the Boston Club property, and that his offer to purchase was predicated on the agreement with Mente and Benjamin, which *262 in turn was predicated on his purchase of the Boston Club property.
The transaction between Mr. Howard and the Boston Club amounted merely to an offer to purchase on his part, which was never accepted, and was formally withdrawn, without objection from any quarter.
As th'e plaintiff never sold or found a purchaser for defendants’ residence, he cannot be entitled to the commissions sued for.
Judgment affirmed.